PEDRO SOLÁ COLÓN, demandante y apelado, *v.* JOAQUÍN HERNÁNDEZ GONZÁLEZ, demandado y apelante.

No. 5082.—*Sometido:* Mayo 26, 1930. *Resuelto:* Mayo 27, 1930.

*E. Arce,* abogado del apelante; *González Fagundo & González Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso por haber transcurrido más de diez meses a partir de su interposición sin que se haya radicado aún por el taquígrafo la transcripción de la evidencia, ni

obstante haber dicho taquígrafo radicado otras transcripciones de apelaciones interpuestas con posterioridad.

La parte apelante se opuso alegando haber seguido de cerca activamente la tramitación, solicitando a tiempo las prórrogas necesarias y obteniéndolas, contratando el precio del trabajo con el taquígrafo en trescientos dólares, adelantándole ochenta y depositando el resto a su disposición en la secretaría de la corte. Además se extendió en consideraciones sobre la necesidad e importancia de su apelación y acompañó un *affidavit* del taquígrafo explicando el porqué de la dilación y consignando que espera terminar el trabajo dentro de la última prórroga concedida.

Replicó el apelado con una certificación creditiva de su afirmación sobre el hecho de haber el taquígrafo archivado otras transcripciones de apelaciones interpuestas con posterioridad.

Hemos estudiado cuidadosamente las alegaciones de una y otra parte y creemos que debemos ejercitar nuestra discreción en el sentido de no desestimar el recurso. La impugnación del apelante revela buena fe. Se ve que ha hecho y viene haciendo todo lo posible. La conducta del taquígrafo no es plausible, pero el hecho en sí y la certificación no son suficientes para apreciar todas las circunstancias que puedan haber concurrido.

El dar preferencia no sólo no es plausible sino censurable, si la preferencia no está realmente justificada y de continuarse la práctica podrá resultar dañosa para los intereses de apelantes de buena fe, como en este caso.

Ningún apelante está obligado a pagar de más y las transcripciones calculadas al precio que la ley autoriza deben seguir el orden de antigüedad, como regla general. De otro modo si al que paga mejor se le atiende primero, quedaría desnaturalizada la obra de la justicia dentro del seno mismo de una corte creada para administrarla a todos por igual.

El derecho de apelar no es absoluto. Para que tenga efecto debe el apelante sujetarse a las condiciones estable-

cidas por la ley, las reglas y la jurisprudencia. Y una de ellas es que a pretexto de ejercitarlo no logre el apelante dilatar indebidamente el cumplimiento de una sentencia. La parte a cuyo favor se dictó esa sentencia tiene derechos también que deben ser garantizados. De ahí el porqué de la regla 59 del reglamento de este tribunal.

Quizá al desestimar la moción de la parte apelada, no somos enteramente justos con ella, pero siendo éste el primer caso de preferencia por parte del taquígrafo que se ha suscitado ante esta corte y apareciendo tan clara la buena fe de la parte apelante, nos ha parecido que la balanza debe inclinarse en pro de que el recurso continúe y el caso se resuelva por sus méritos, a no ser que la indebida dilación persista y se reproduzca la moción.

*No ha lugar a la desestimación solicitada.*